# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ANDRES NAVAREZ, individually and for others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>COASTAL CHEMICAL CO., LLC<br><br>　　　　　Defendant. | Case No. 5:17-cv-313<br><br>**FLSA Collective Action** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. For years, Coastal Chemical Co., LLC (Coastal) did not pay its land technicians overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Coastal paid all of its land technicians a base salary and bonuses.

3. After it got sued early last year, Coastal cleaned up its act a little bit and started paying its land technicians overtime as required by the law.

4. But Coastal didn't even offer to pay its land technicians for all the unpaid overtime hours worked they had worked in the past.

5. Andres Navarez (Navarez) brings this lawsuit to recover the unpaid overtime and other damages Coastal owes to him and to the other land technicians like him.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. Coastal has significant operations in this District and Division.

9. Nazarez is a resident of San Antonio, Texas.

## PARTIES

10. Navarez worked for Coastal as a land technician from approximately August 2011 through January 2017.

11. His consent to be a party plaintiff is attached.

12. The class of similarly situated employees ("Class Members") is defined as:

**All salaried land technicians employed by Coastal in the last 3 years.**

13. The precise size, identity, rates of pay and dates of employment of the Class Members are ascertainable from the business records, tax records, and/or employee or personnel records of Coastal and its related and affiliated entities.

14. Coastal was under an obligation to maintain these records in accordance with the FLSA. 29 U.S.C. §211(c); 29 C.F.R. §§516.1-516.5.

15. Coastal may be served by serving its registered agent: **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136**.

## COVERAGE UNDER THE FLSA

16. Coastal was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. Coastal was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. Coastal was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)

19. Coastal's employees routinely use, handle, sell, and/or work on vehicles, computers, telephones, and hand tools, all of which were produced for interstate commerce or actually traveled in interstate commerce.

20. By performing the job duties described in this Complaint, Navarez and the Class Members were engaged in commerce or in the production of goods for commerce.

21. Coastal has had an annual gross volume of sales made or business done in excess of $1,000,000 in each of the last 3 years.

22. Coastal is covered by the FLSA and has been for each of the last 3 years.

## FACTS

23. Coastal is an oilfield service company with significant operations throughout the United States in Texas, Louisiana, Wyoming, Oklahoma, New Mexico, and Colorado. http://www.coastalchem.com/.

24. Coastal provides a broad suite of chemicals, services, technical support, and logistics for its clients in the oil and gas industry.

25. Over the past 3 years, Coastal employed numerous land technicians throughout the country to provide maintain the wells of its oil and gas clients and provide related chemical, technical, and logistic services.

26. While exact job titles may differ, all the land technicians were subjected to the same or similar illegal pay practices for similar work.

27. The primary job duties of Coastal's land technicians include operating oilfield machinery, measuring, testing, collecting, and relaying data, maintaining well sites, and reporting their daily activities to managers, supervisors, and their client's company man/owner.

28. Coastal's land technicians conduct their day-to-day activities within designated parameters and in accordance with a predetermined plan.

29. The plan was created, implemented, and regularly maintained by their managers, supervisors, and their client's company man/owner.

30. Coastal's land technicians perform routine activities which are largely governed by standardized plans and checklists created by Coastal and Coastal's clients.

31. Every element of the land technicians' job was predetermined by Coastal and Coastal's clients, including the tools to use at a job site, the data to measure, test, compile, and the schedule of the land technicians's work and related work duties.

32. Coastal's land technicians's job functions are primarily manual labor, technical in nature, and require little to no official training.

33. Likewise, college education is not required to work as a land technician for Coastal.

34. The job duties of Coastal's land technicians are not predominately intellectual, but rather mechanical, skilled and routine.

35. All of Coastal's land technicians worked similar hours each week and were denied overtime as a result of the same illegal uniform pay practice that Coastal implemented in violation of the FLSA.

36. All of Coastal's land technicians were generally scheduled to work 84 hours per workweek, but often worked more.

37. Instead of being paid overtime, Coastal's land technicians were paid a base salary plus bonuses.

38. No matter how many hours Coastal's land technicians worked in excess of 40 hours a week, they were not paid overtime compensation.

## FLSA Violations

39. For most of the past 3 years, Coastal violated the overtime provisions of the FLSA. *See* 29 U.S.C. § 207(a).

40. By failing to pay Navarez and the Class Members overtime at 1 and ½ times their regular rates, Coastal violated the FLSA.

41. Coastal owes Navarez and the Class Members overtime wages equal to the difference between the amount they were paid and the overtime rate they should have been paid, for all hours worked in excess of 40 in a week.

42. Coastal knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Navarez and all those similarly situated overtime compensation.

43. Coastal's decision to deny overtime pay to its land technicians was neither reasonable, nor in good faith.

44. Because Coastal knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA, its failure to pay overtime to Navarez and the Class Members is willful.

45. Coastal owes Navarez and the Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

46. Navarez and the Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### COLLECTIVE ACTION ALLEGATIONS

47. Numerous land technicians were victimized by this pattern, practice and policy which are in willful violation of the FLSA.

48. Many of these employees worked with Navarez and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

49. Thus, from his observations and discussions with these employees, Navarez is aware that the illegal practices or policies of Coastal have been imposed on the Class Members.

50. The Class Members all received a salary plus bonuses, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

51. These other land technicians are victims of Coastal's unlawful compensation practices and are similarly situated to Navarez in terms of job duties, pay provisions, and employment practices.

52. Coastal's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Class Members.

53. Thus, Navarez's experiences are typical of the experiences of the Class Members.

54. Any variance in the specific job titles or precise job locations of the various Class Members does not prevent collective treatment.

55. All of the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week.

56. Even if the issue of damages was somewhat individual in character, there is no detraction from the common nucleus of facts that demonstrate Coastal's liability.

### RELIEF SOUGHT

57. Navarez prays for:

    a. An Order permitting this case to proceed as a collective action;

    b. A judgment declaring Coastal violated the FLSA with respect to Navarez and the other land technicians like him;

    c. A judgment awarding Navarez and the Class Members all the unpaid overtime compensation due;

    d. A judgment awarding Nazarez and the Class Members an amount equal to all the unpaid overtime compensation as liquidated damages;

    b. A judgment awarding Navarez and the Class Members the costs of this action;

    c. A judgment awarding Navarez and the Class Members attorneys' fees;

d.  A judgment awarding Navarez and the Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

f.  All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**JOSEPHSON DUNLAP**
  Michael A. Josephson
  State Bar No. 24014780
  mjosephson@mybackwages.com
  Jessica M. Bresler
  State Bar No. 24090008
  jbresler@mybackwages.com
  Andrew Dunlap
  State Bar No. 24078444
  adunlap@mybackwages.com
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

**BRUCKNER BURCH PLLC**

/s/ Rex Burch
By: _____
  Richard J. (Rex) Burch
  Texas Bar No. 24001807
  rburch@brucknerburch.com
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

# CONSENT TO JOIN WAGE CLAIM

Print Name: Andres Jose Narvaez

1. I hereby consent to participate in a collective action lawsuit against Coastal Chemical to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: Andres Jose Narvaez (Apr 11, 2017)

Date Signed: Apr 11, 2017